JACOB WEEKS CORNWELL, Appellant, v. WILLIAM A. PARKE, ISAAC A. SINGER and JOHN DAYTON, Respondents.

*Slander of title — notice given, at a sale in partition, of leasehold rights created by a receiver, in the premises sold thereat — duty of the claimant to announce such rights.*

In an action, brought to recover damages for an alleged slander of title, it appeared that, pending an action brought for a partition of certain real estate in the city of New York, a receiver of the property was appointed and empowered, by order of the court, to lease the property for the term of three years, pursuant to which authority the receiver executed leases of certain portions of the property to the several defendants; that a judgment of sale |was obtained about a year after the execution of such leases, whereupon, on notice to the parties in interest and to the present defendants, a motion was made and granted vacating the permission granted to the receiver to execute leases, and providing that the leases theretofore given should be abridged so that they should be invalid at the expiration of one year from the date of their execution, upon condition that the lessee should be protected in the damages caused by such abridgment thereof.

The property was advertised for sale, and on the day fixed the defendants appeared at the place of sale and stated that the premises were occupied by them, under leases thereof given by authority of the court, and gave notice that, as they were advised and verily believed, so long as they complied with the terms of the said leases given to them, they were entitled to the possession of the premises until the expiration of the term specified in the leases, and that nothing in such order abridging such terms would in any way operate to limit them.

It was claimed that the reading of this notice seriously affected the sale and deterred parties from bidding thereat.

*Held,* that, as it did not appear that any statement contained in such notice was, in any respect, false or untrue, that the action could not be maintained, and that the complaint was properly dismissed.

*Semble,* that if these defendants, being present at the sale, had allowed this property to be sold upon the assertion that they had no title or interest therein and had remained silent, they could not thereafter have asserted the existence of any rights therein.

Appeal by the plaintiff from a judgment, rendered at the New York Circuit, dismissing the complaint herein, which was entered in the office of the clerk of the county of New York on November 20, 1888.

*Flamen B. Candler,* for the appellant.

*E. M. Shepard,* for the respondents.

VAN BRUNT, P. J.:

This is an action to recover damages for slander of title. The facts seem to be as follows: In April, 1882, Samuel Weeks and Samuel Weeks, Jr., claiming to be owners of an interest in certain real estate in the city of New York, brought an action for a partition and sale of the property. In February, 1883, during the pendency of the action, a receiver of the property was appointed by an order, whereby the receiver was empowered to lease the property for a term not extending beyond the 1st of May, 1886. After this order had been made and the receiver had executed leases which would, by their terms, expire in 1886, the litigation not being terminated, he applied *ex parte* for permission to rent the property. An order was signed in October, 1885, permitting the receiver to rent the property for the term of three years, beginning May 1, 1886, and ending May 1, 1889. The defendants herein received leases of certain of the property under this order which were to expire on the 1st day of May, 1889. In the following spring, on the 19th of March, 1886, a judgment of sale was obtained in the partition action. The execution of the judgment, however, was delayed until the spring of 1887 by various appeals, when the sale of the premises was finally advertised to take place on the 13th of April, 1887. In March, 1887, the plaintiff in this action, who was a defendant in the partition proceeding, on notice to the parties and notice to the defendants herein, made a motion to have the order of October 19, 1885, granting the receiver permission to lease, vacated, and the leases given under it abridged. This motion was heard, the court deciding to abridge the leases so that they should be invalid beyond the 1st of May, 1887, upon condition that the lessees should be protected from the damage caused by the abridgment of their leases, and, on the 15th of April, shortly before the commencement of the sale, an order was signed modifying the order of October 19, 1885, as above stated.

At the sale notices were read, on behalf of the three defendants, as follows:

"Notice is hereby given that the undersigned now occupies and is in possession of and resides in the house * * * under a lease made by him to John E. Ward, a receiver appointed by the Supreme Court of the State of New York; * * * that

the said lease bears date the 24th of February, 1886, and is for a term of three years, commencing on the 1st day of May, 1886; * * * that the original of the said lease is in the possession of the undersigned, and a duplicate thereof in the possession of the said receiver, John E. Ward; that the said receiver was appointed by this court by order made in the said action, bearing date 6th February, 1883, and that the said receiver made the said lease pursuant to instructions given by the said court by order bearing date 19th October, 1885. And I further give notice that, as I am advised and verily believe, I am, so long as I comply with the terms of the said lease to me, entitled to the possession of the said house and premises until the expiration of the term specified in the lease, namely, the 1st day of May, 1889.

"The parties giving the foregoing notice, beg, further, to state that an order was made to-day by Mr. Justice PATTERSON, purporting to limit the terms of the leases to May, 1887, and to provide a fund out of which the damages of the lessees might be met. The parties giving the foregoing notice are advised by their counsel, and they believe, and to the utmost that is lawful they will act upon their belief, that nothing in such order can in any way operate to limit the terms of their leases, or deprive them of any rights thereunder.

"STICKNEY & SHEPARD."

It is claimed that the reading of these notices seriously affected the sale, and evidence was offered tending to show that parties had been deterred from bidding upon the property because of the notice given, and this action was brought to recover the damages sustained by the plaintiff as one of the part owners of the property by reason of this action of the defendants. It is not claimed that any statement contained in these notices was, in any respect, false or untrue. Upon this state of the evidence the court dismissed the complaint, and the question as to this ruling is the one now before the court. We have examined, with considerable care, the numerous authorities cited by the counsel for the appellant to sustain his exception to the ruling dismissing the complaint, and we have not been able to find but that in every one of them there was some false statement or something upon which a finding of malice might be founded. In the case at bar there is no pretense that any false statement was

made or that any attempt was indulged in to create a false impression. On the contrary, as far as the evidence shows, the defendants were doing nothing more than to protect what they believed to be their rights. They were in an exceedingly peculiar position. They had contracted with the court for a lease of these premises for three years, and the Court of Appeals has held that the court had the power to authorize the receiver to make these leases. The defendants, having these leases and being in possession of the premises thereunder, were, by the order of April 13, 1887, deprived of two years of the term which had been granted them by the order of the court. The right to the remainder of this term they desired to protect. If they had stood by and allowed these premises to be sold upon the assumption that the order of the court had terminated these leases, it may be questionable whether they could have there-after been heard to say that they did not acquiesce in the order, because it is a maxim of the law that where a man stands by and sees another assert title to a piece of property and holds his peace that he will not be allowed to assert a title in himself as against an innocent and *bona fide* purchaser.

But it may be said that the defendants were in possession of the property, and consequently that gave notice to the world of their claims. But their possession was entirely consistent with the termination of these leases, in May, 1887, and did not imply any claim on their part beyond that which had been conceded by the order of April, 1887. Their possession, therefore, was no notice of the claim that, notwithstanding the order of April, 1887, they intended to insist upon their rights. They had no reason to anticipate the result of the appeal from that order to the Court of Appeals, viz., that it would be held that the leases were validly made, but that because the contract was with the court it might be invalidated by the court; whereas, if the contract had been between two individuals, there would not have been any power which could have impaired its obligation or its terms.

We fail to see any basis whatever for the allegation of malice, or any facts from which it was possible for a jury to have inferred malice. As has already been stated in all the authorities cited, there is not a single one in which the existence of malice does not seem to be derived from some falsity connected with the assertion. We

think that a complete answer to the whole question is derived from the fact that if these parties, being present, had allowed this property to be sold upon the assertion that they had no title or interest therein, and had remained silent, no matter what rights they might have had, they never thereafter could have asserted them. It cannot be, when such was the condition of affairs, that they were bound to hold their peace and be forever precluded from further testing the adjudication which has been made against them, or run the risk of being called upon to pay damages in case they guessed wrong in respect to a question of law about which they were much nearer right than the parties who made the motion for the modification of the order of 1885. There was no error, therefore, in the dismissal of the complaint and the refusal to submit any question to the jury.

The allowance granted, however, seems to have been excessive. The learned counsel for the respondent presents many considerations which he states were before the court, and which did not form part of the record. The difficulty is, that this court is compelled to adjudicate upon the question brought up by appeal upon the record, and not upon what has occurred outside of the record. There does not appear in the record any sufficient reason for so large an allowance as was granted. We think, therefore, that the allowance should be reduced to $500, and that the order granting the allowance should be modified in this respect.

The judgment appealed from should, therefore, be reduced to $608.34, and as so reduced, affirmed without costs.

BRADY and BARTLETT, JJ., concurred.

Judgment reduced to $608.34, and as so reduced affirmed, without costs.